FLORENCE S. CHROSNIAK, Plaintiff, v. METROPOLITAN LIFE INSUR-
ANCE COMPANY, Defendant.

Supreme Court, Erie County, July (Received September, 1923).

Insurance — group insurance of employees of railroad — strike of
employees — when insurance rights of employee who went on strike
forfeited — evidence.

The defendant issued a " group " policy of life insurance under which the premiums
were paid by the employees of a railway company and the company, the company
paying an amount corresponding to that paid by each member of the benevolent
association connected with said company.   The policy provided that upon the
termination of active employment the insurance of any discontinued employee
under the policy should automatically and immediately terminate and the
insurance company be released from any further liability of any kind on account
of such person unless an individual policy was issued in accordance with another
provision of the policy.   In an action to recover the amount payable under such
policy upon the death of plaintiff's husband it appeared that he was a member
of the union which called a strike of the railway company's employees on
July 1, 1922; that he quit work at that time, never reported for work thereafter,
never reported himself ill, and died on August 2, 1922.   It also appeared that
no individual life insurance policy was issued to the deceased and none was
applied for.   Held, that the court being satisfied that the deceased quit work
at the time stated and remained away for the sole reason that the strike had been
called, the defendant was entitled to a judgment in its favor.

The testimony of plaintiff that her husband was ill in bed all the time from July
second until the time of his death, uncorroborated by the testimony of a physician
or of any one else, was insufficient to justify a finding in favor of plaintiff in that
behalf.

The correspondence between the railway company, the benefit association, the
defendant and the plaintiff, as indicated by the exhibits, held not to establish
any waiver of rights by the defendant nor any admission that deceased remained
in the employment of the railway company after said first of July.

ACTION on policy of life insurance.

Frank J. Fitzpatrick, for plaintiff.

Maulsby Kimball, for defendant.

TAYLOR, HARRY L., J.   When this cause came on for trial
counsel waived a jury and submitted the whole matter to the
court.   It was an action upon a $1,000 insurance policy, in terms
contracting to pay to the plaintiff $1,000 upon the death of her
husband.   It appears that plaintiff's husband belonged to an
International Railway Company benevolent association, he being
an employee of said International Railway Company.   The defend-
ant had issued what is known as a " group " insurance policy,
premiums being paid by employees of the International Railway
Company and said company paying an amount corresponding to

the amount paid by each member. The policy provides (Paragraph 6 of " provisions and benefits ") that the company will issue an individual certificate showing insurance protection entitling the employee in case of termination of employment with the employer to have issued to him on application to the company within thirty-one days after such termination of employment and upon appropriate payment of premium an individual policy of life insurance. In the case at bar no such individual policy was issued to the deceased and none was applied for.

The said ". group " policy further provides in said paragraph 6 that upon termination of active employment the insurance of any discontinued employee under this policy automatically and immediately terminates and the company shall be released from any further liability of any kind on account of such person unless an individual policy is issued in accordance with the above provision. The deceased quit working for the International Railway Company on the night of July 1, 1922. After proof presented before me the plaintiff now claims:

1. That under the circumstances the employment of the deceased continued to July tenth at any rate so that the deceased was entitled to an individual certificate and policy up to August tenth.

2. That the defendant company never canceled the policy as to the deceased nor discharged him from its employment.

3. That the company waived any defense by the letter of August eighteenth.

4. That the deceased quit work and remained away from work from July first to the time of his death on August second solely because of illness.

However, from the testimony presented I am convinced that the deceased was a member of the union which called the strike of International employees; that he attended a meeting of the union after July 2, 1922; that the deceased quit work at the time the strike was called; that he never reported for work thereafter and that he never reported himself sick; that no application for benefits or for an individual certificate or policy was made by the deceased; that the deceased paid no premiums after July first nor the company in his behalf and that the company did not pay deceased for working after July first. The claim that deceased quit work on account of illness is supported simply by the testimony of the plaintiff that he was ill in bed all the time from July second until the time of his death. The testimony of no physician nor of any one else is presented in corroboration and I cannot find in favor of plaintiff in that behalf.

The deceased was legally obligated to know his rights in the

matter of demanding an individual policy, so no cancellation by the company was necessary to advise him as to that. It is idle to contend that "active employment" under this group policy cannot be terminated as well by the voluntary quitting of the employee as by his being discharged. I am well satisfied that this deceased quit work July first and remained continuously away from work because this strike was called and for no other reason; that all his conduct after July first indicates that; that he thus terminated his active employment; and that the correspondence among the railway company, the benefit association, the defendant and the plaintiff, as indicated by the exhibits, manifests merely a disposition on the part of the defendant to deal fairly in general in handling an unusual and difficult situation, and does not establish any waiver of rights by the defendant nor any admission that deceased remained in the employment of the International Railway Company after July first.

I am thoroughly in accord with the principle that insurance policies should be strictly enforced against those who make and deliver them unless a reason clearly appears for non-enforcement; however, for the reasons stated I find that judgment herein should go for the defendant.

Judgment accordingly.