JOE KOWALSKI, administrator, *vs.* AETNA LIFE INSURANCE COMPANY.

SAME *vs.* LOVELL AND COVEL COMPANY.

Suffolk.   January 10, 11, 1929. — February 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance*, Life: group.   *Contract*, What constitutes, Consideration, Construction, Performance and breach, Termination, Of employment. *Agency*, Existence of relation.   *Evidence*, Competency.

An insurance company issued to an employer a policy of group life insurance, which provided that the insurer would pay a certain amount upon the death of any employee listed therein within its life; that, if the em-

ployment ceased, the insurance on the employee's life should cease upon notice by the employer to the insurer with a request for discontinuance thereof; and that upon termination of the employment "for any reason whatsoever," the employee, "upon application" within a certain time and payment of a premium, should be entitled to a policy of life insurance in an amount equal to the amount for which he was then insured under the group policy. Within the life of the policy, the employer issued to an employee, who was employed from week to week at the option of the employer, a certificate stating that he was insured for a certain amount "under the terms and conditions of the policy" and also that the insurance might be terminated when the employment ceased "for any reason whatsoever." The employee, because of illness, ceased to work for the employer and did not return to work for nearly five months. Upon notice to the insurer in accordance with the provisions of the policy, his insurance was cancelled about a month after he ceased to work, and the policy expired a few weeks later. The employee was not included therein upon its renewal, nor was he notified of the termination of the employment, nor of the cancellation of his insurance. The employee later returned to work and was employed continuously for about four months, when he was "laid off." Shortly thereafter he was taken sick and died. He never made application for a policy of life insurance. In an action of contract upon the certificate by the administrator of his estate against the insurer, the trial judge ordered a verdict for the defendant. *Held*, that

(1) The employment terminated when the employee ceased to work; he was not then "laid off" nor given leave of absence;

(2) The employer rightly terminated the employment and procured the cancellation of his insurance without notice to him;

(3) The employee gained nothing by the fact that he was employed again after the expiration of the policy; nor by the provision of the policy relating to his right, upon application after the termination of the employment, to secure a policy of insurance;

(4) Testimony by a witness who had charge of the payroll book of the employer, that he gave notice of the termination of the employment to one whose duty it was to notify the insurer thereof and procure the cancellation of the insurance; and testimony by a representative of the insurer that the employee's insurance was cancelled upon receipt of such notice from the employer, was competent; and an exception thereto, solely on the ground that the employee's insurance could not properly be terminated without his knowledge, must be overruled;

(5) Since the plaintiff had failed to prove that the employee was included in any policy of insurance in force at the time of his death, the verdict properly was ordered for the defendant.

With the action above described was tried an action by the administrator against the employer, the plaintiff seeking to recover the same sum on the ground that the defendant had procured the cancellation of the insurance in violation of the terms of the contract of employment; and also seeking to recover an additional sum on the ground that, under such contract, the employee was entitled to further insurance which the defendant had failed to procure. There was no evidence

that reference was made to insurance when the employment commenced, or that the employee knew that he would be entitled to insurance until he received the certificate, which recited that it was presented without expense to him. *Held*, that a finding was not warranted that the issuing or maintenance of insurance upon the employee's life was a part of the consideration of the contract of employment: it merely was a gratuity conferred upon him by the defendant; and the plaintiff was not entitled to recover.

TWO ACTIONS OF CONTRACT. Writs dated May 15, 1922.

In the first action the plaintiff, who was the administrator of the estate of Sophia T. Kowalski, an employee of Lovell and Covel Company, sought to recover $600 upon two certificates, described in the opinion, issued to the deceased employee by that company under a policy of group insurance issued by the defendant.

In the second action the plaintiff sought to recover $600 on the ground that the defendant wrongfully had terminated said policy of insurance; and also sought to recover $100 on the ground that the deceased employee, having been continuously in the service of the defendant for more than two years, was entitled by the terms of her employment to further insurance in the sum of $100 which the defendant had failed to procure.

The actions were tried together in the Superior Court before *P. J. O'Connell*, J. Material evidence is stated in the opinion. At the close of the evidence the judge ordered a verdict for the defendant in each action, and the plaintiff alleged exceptions.

*J. J. Cummings*, for the plaintiff.

*M. J. Mulkern*, (*H. W. Hardy* with him,) for the defendants.

CROSBY, J. On May 29, 1919, a policy of group life insurance was issued by the defendant in the first case to the employer, the defendant in the second case. By the terms of the policy the insurer agreed "To pay the amount of insurance shown against the name of any person in the application for this policy, on due proof of the death of such person (herein called the insured) within the term of one year from five o'clock P.M. of the date hereof, ending at five

o'clock P.M. on the Twenty-Ninth day of May, 1920, provided that the insurance on such life has not been previously terminated." The plaintiff was the husband of Sophia T. Kowalski who died February 7, 1922, and who at different times had worked for the defendant Lovell and Covel Company. He contended that the employee was in the continuous service of the employer from August 25, 1919, to the date of her death.

On November 25, 1919, the employer issued to the decedent a certificate of insurance in the sum of $500, and on August 25, 1920, issued to her a second certificate in the sum of $100. In the action against the Lovell and Covel Company the declaration alleged that the employee was in the continuous service of the defendant for the term of two years, and that under the terms of the policy the employer should have issued to the employee a third certificate in the sum of $100. The policy issued to the employer contained the following provision: "It is also understood and agreed that when any person insured by this policy ceases to be employed by said employer the insurance on such life shall immediately cease when notice thereof, together with a request for discontinuance of the insurance, is given to the Company by said employer, and the unearned premium paid on account of such insurance will be returned by the Company." The policy also provided that "in case of the termination of the employment for any reason whatsoever, the employee shall be entitled to have issued to him . . . upon application . . . within thirty-one days after such termination and upon the payment of the premium applicable to the class of risk to which the employee belongs . . . a policy of life insurance in any one of the forms customarily issued by the Company, except term insurance, in an amount equal to the amount of his protection under such group insurance policy at the time of such termination." The certificates issued to the decedent stated that they were so issued under the terms and conditions of the policy and the application therefor; that in case of the termination of employment for any reason the employee was entitled to have issued to him a policy of life insurance in any form customarily issued by the company

except term insurance; and that "The above described in- surance may be terminated whenever said employee for any reason whatsoever ceases to be in the service of said employer."

The plaintiff testified that the deceased worked for the em- ployer until April 9, 1921, and that on April 13, 1921, she was delivered of a child; that two weeks later he went to her employer and collected the wages due her up to April 9; that she did not return to work until some time in September follow- ing, after which she worked until the day before Christmas; that she was then "laid off" for two weeks; that in January, 1922, she became sick and was taken to a hospital and re- mained there until her death on February 7, 1922; that about a week before her death she told him she had two certificates of insurance in her trunk; that after her death he showed them to the superintendent of her employer.

An employee of the Lovell and Covel Company testified that she was in charge of an office of that company and had custody of the payroll book; that she paid the decedent on March 30, and next paid her some time in September of the same year, and did not see her between March 30 and Sep- tember 1; that her duty required her, when an employee no longer worked for the company, so to notify one Farrell, another employee, who had charge of the records. Subject to the plaintiff's exception, she testified that around the first of May, 1921, she notified Farrell that the decedent was no longer in the employ of the company. Farrell testified that he was employed by the company as assistant credit man and had nothing to do with the group insurance policies except to cancel them; that he kept a record of the employees and notified the insurance company when an employment had terminated by sending it a card to that effect. He identified exhibits 6 and 7, annexed to the record, as having been sent by him to the insurer with a request that the insurance be terminated. He further testified that the employer later received from the insurance company a list giving the num- bers of such policies cancelled and the amount of the refund on premiums. One Pearls, called by the defendant, testified that he was employed by the insurer. Subject to the plain-

tiff's exception, he testified that on receipt of the cards, exhibits 6 and 7, the insurance was cancelled and a credit memorandum issued to the insured; the plaintiff's objection to this testimony was based solely upon the ground that the insurance could not legally be terminated without the knowledge of the decedent. Subject to the plaintiff's exception, this witness identified the insurer's office record card which was substantially a duplicate of the one issued to the employer. It indicated that the insurance was cancelled May 4, 1921, that the policy expired May 29, 1920, and was renewed thereafter from year to year. At the close of the evidence the trial judge directed a verdict for the defendant in each case.

The original policy issued to the employer May 29, 1919, contained in the application annexed a list of the employees covered; and provided that those entering the service subsequent to that date were to be insured in accordance with the schedule therein contained "upon completion of three months of continuous active service." The deceased commenced work August 25, 1919, and the first certificate was issued to her on November 25, 1919. She was thereby covered by the original policy and the insurer would have been liable to pay on proof of her death within one year ending May 29, 1920. In accordance with the option given to the employer the policy was renewed May 29, 1920, for one year. Under such renewal the employee was insured until May 29, 1921. As her death occurred on February 7, 1922, the term for which she was insured had expired. The plaintiff testified that his wife stopped working on April 9, 1921, and gave birth to a child on April 13, 1921; that two weeks thereafter when he collected the wages due her, the employer's bookkeeper asked him, "What is the matter with Sophie? She come back work?" and the plaintiff replied, "She have child. She can't come in." On May 4, 1921, the insurance was cancelled, and the card of the employee was removed from the index of employees covered by insurance. When the policy was renewed on May 29, 1921, the employee was not included among those for whom premiums had been paid, and therefore she was not covered by this renewal policy.

At the time of her death she was not included in any policy

then in force.   It is manifest, in view of the testimony of the plaintiff and the entire evidence, that the employment of the deceased had terminated.   The record shows that she was employed from week to week, and that it was optional with the employer when and how long she would be given work, as the employment depended upon the condition of the employer's business.   When she applied for work in August, 1921, it clearly appears that she had not been laid off temporarily, and had not been on leave of absence.   In any event the employer was justified in terminating her employment and in giving notice to the insurance company to that effect. Inability to perform the services required of her entitled the company to terminate the contract.   "Death or a disability which renders performance impossible discharges the contract."   *Marvel* v. *Phillips*, 162 Mass. 399, 401, and cases collected.   In *Johnson* v. *Walker*, 155 Mass. 253, there was a contract for personal services for one year.   The employee during the term was ill for seven weeks and incapacitated for his work.   It was said at page 255: "We think that, as matter of law, this constituted such an interruption of and failure to perform his contract on the part of the plaintiff, that the defendants were justified in terminating it, and employing another person in his place."   In the case at bar the employee was not entitled to notice that her employment had been terminated.   *Johnson* v. *Walker, supra.*

The circumstance that the deceased was again employed in September, 1921, and continued to work until the day before Christmas, even if she was then laid off for two weeks, and died on February 7, 1922, does not entitle the plaintiff to recover, as her employment had been rightfully terminated on May 4, 1921, and was not covered by the policy issued to the employer May 29, 1921.

The certificate issued to the deceased provided that the term insurance could be converted into some other form of insurance upon application therefor and the proper premium being paid.   But she never made application for such insurance.   If she had desired it and had complied with the requirements her right to this substituted insurance would have been protected.   As the plaintiff has failed to sustain

the burden of proof by showing that the insurance was in force at the date of death of the employee, the trial judge rightly directed a verdict for the defendant in the first case.

It is the contention of the plaintiff that the defendant in the second case is liable on the ground that it was part of the contract of employment that the employer should insure the employee; and for the defendant to cancel the insurance without notice to her and its "failure to notify her of her discharge and . . . to advise her of the necessity of converting the insurance under her option, was a breach of her contract of employment." There is no evidence to show that when she was originally employed on August 25, 1919, reference was made to insurance, nor that she knew she would be entitled to such insurance until the delivery of the certificate to her. The certificate which she received recites that it is presented without expense to her. There is no evidence to warrant a finding that the issue or maintenance of insurance upon the life of an employee was a part of the consideration of the contract of employment. It was merely a gratuity conferred by the employer. A verdict was rightly directed for the defendant in the second case. The evidence admitted subject to the plaintiff's exceptions was competent, and the exceptions thereto must be overruled.

It results that the entry in each case must be

*Exceptions overruled.*