ANASTASIA BEECEY *vs*. THE TRAVELERS INSURANCE COMPANY.

Suffolk.    January 10, 1929. — May 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Insurance*, Life: Group insurance. *Contract*, Termination, Of employment. *Notice*.

An insurance company issued to an employer a policy of group life insurance, under which no employee of the employer was entitled to insurance on his life until he had completed one year of continuous service. A certain employee who had become entitled to insurance on his life under the policy received a certificate providing that such insurance should terminate with the termination of his employment, in which event he was entitled, upon application within a certain time, to a policy of insurance upon his life of a specified kind and amount. Thereafter, the department in which the employee worked

having been discontinued, he was notified by his foreman that he was "laid off," his name was removed from the employer's payroll and his insurance was cancelled by the insurance company upon instructions from the employer. No other notice was given to him that his employment was terminated, and he received no notice that his insurance was cancelled nor that he had a right to convert his insurance. He never made application to have his insurance so converted. Several months later he again commenced work for the employer in a different department, but died within a year thereafter. In an action against the insurance company upon the certificate of insurance, the trial judge ordered a verdict for the defendant. *Held,* that

(1) The employment terminated when the employee was "laid off," and he was not entitled to notice thereof;

(2) Since the employee was charged with knowledge of the terms of the policy, he was not entitled to notice of the cancellation of the insurance on his life;

(3) The employee did not acquire any right to insurance under the policy when he commenced to work again because he did not thereafter complete one year of continuous service;

(4) The employee, not having exercised his privilege of conversion, was possessed of no right under that provision of the policy;

(5) The verdict properly was ordered for the defendant.

CONTRACT. Writ dated August 25, 1926.

Material evidence and facts agreed upon at the trial of the action in the Superior Court before *Flynn,* J., are stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the action for determination by this court.

*J. J. Cummings,* for the plaintiff.

*A. E. Bent,* (*W. I. Badger* with him,) for the defendant.

CROSBY, J. This is an action of contract by the beneficiary named in a certificate of insurance issued to one Stedman, under and by virtue of a policy of group insurance issued by the defendant to the American Woolen Company. The trial judge on motion of the defendant directed a verdict in its favor. The case is before this court upon a report, which recites certain agreed facts and evidence offered by both parties, and stipulates that if on the competent evidence there was any question for the jury, judgment is to be entered for the plaintiff in the sum of $1,500 with interest.

It is agreed that Stedman had been an employee of the American Woolen Company at its Riverina Mills from 1919

until February 17, 1925, a period which, if any insurance was in effect at the time of his death, would entitle his beneficiary to the maximum amount of $1,500 under the policy. On February 17, 1925, the department where he worked was discontinued by his employer. He was told by his foreman that he was "laid off," and his name was taken from the payroll. At the same time the names of six other employees in the same department were taken from the payroll, in accordance with instructions from the superintendent of the mill, and on March 15, 1925, the names of these seven employees were reported by the American Woolen Company to the defendant. Their names were thereupon listed on a master card, their insurance was marked as cancelled, and a rebate of insurance was made to the American Woolen Company.

On July 27, 1925, Stedman again commenced work at the same mill but in a different department, and his name was again placed on the payroll. He died February 26, 1926, while still in the employ of the company. Under the terms of the policy no employee was entitled to insurance until he had completed one year of continuous service. It is agreed that when the department in which Stedman was employed was discontinued, he received no notice of any termination of his employment other than the information that he was laid off; no notice was given him by the American Woolen Company, or by any one else, that his insurance was cancelled, and no notice was given him by the defendant of his right to convert the group insurance policy into any other form of insurance. The certificate issued to the employee provided that "Any Employee of the Employer covered under this group policy shall, in case of the termination of employment for any reason whatsoever, be entitled to have issued to him by the Company without evidence of insurability upon application to the Company made within thirty-one days after such termination and upon the payment of the premium applicable to the class of risks to which he belongs and to the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the Company, except term insurance, in an amount equal to the amount of his protection under such

group insurance policy at the time of such termination." It is the contention of the plaintiff that under this conversion privilege the employee acquired a vested right of which he could not be deprived without notice to him of the termination of his employment, and that it was for the jury to determine whether in fact the employment had been terminated.

The policy issued by the defendant to the employer is in accordance with the provisions of G. L. c. 175, §§ 133 and 134. The employee was not a party to this contract. Under its provisions the employer was required to pay the premiums as they became due and to perform the other acts therein required to be executed by it. Whether there is any distinction between the discharge of an employee and his being "laid off," in construing the policy, need not be determined, as upon the agreed facts the department in which Stedman was working was discontinued, his name was taken from the payroll, notice was sent to the defendant of the termination of the employment, and the insurance was cancelled. It is plain upon these facts that the employment was terminated, and as there was no duty resting on the defendant to notify the employee of such termination, there was no question for the jury. The certificate issued to the employee expressly states that "The insurance provided for by said policy terminates with the termination of employment with the said Employer . . . ." It follows that the employee was not entitled to notice, but was bound by the terms of the policy. G. L. c. 175, § 134, cl. 2, provides "That the policy, the application of the employer and the individual applications, if any, of the employees insured shall constitute the entire contract between the parties . . . ." The agreed facts make it plain that Stedman's employment was terminated and his coverage ceased February 17, 1925. *Kowalski* v. *Aetna Life Ins. Co.* 266 Mass. 255, 261. *Duval* v. *Metropolitan Life Ins. Co.* 82 N. H. 543, 551.

The evidence offered by the plaintiff tended to show that all of Stedman's dealings with the company had been with his foreman; that on several occasions before February 17, 1925, he had been told by the foreman that he was laid off; that he had been absent from work for periods varying from

a week to a month, until he received notice to return to work. There was evidence offered by the defendant that when he was given work on July 27, 1925, the foreman had been informed by an employee that Stedman was out of work. The evidence does not entitle the plaintiff to recover; the employment had terminated on February 17, 1925, and the insurance was cancelled by the defendant on March 15, 1925. As the employee died before he had completed one year of continuous service after his reemployment, it is plain that no right to insurance accrued thereafter. *Kowalski* v. *Aetna Life Ins. Co., supra.*

In accordance with the terms of the policy the employee, within thirty-one days after the termination of the employment, could have applied to the defendant and have had issued to him an ordinary life policy. But he made no such application. Upon the termination of the original employment the policy by its terms expired; the employee is charged with knowledge of those terms, and there was no need of any notice of the cancellation of the policy to be given by the insurance company. As the policy did not require that notice should be given of its cancellation, the employee was not entitled to notice thereof. The certificate informed him of his right to substituted insurance upon proper application within the prescribed time, but he did not see fit to exercise his privilege to obtain such insurance. Nor is there any evidence to show that he ever desired or intended to apply for that kind of policy.

It follows that a verdict was rightly directed for the defendant.

*Judgment for the defendant on the verdict.*