**THULL, Admrx v EQUITABLE LIFE ASSURANCE SOCIETY**

Ohio Appeals, 5th Dist, Richland Co

Decided September 30, 1931

Mr. Lewis Brucker, Mansfield, for plaintiff in error.

Messrs. McBride & Wolfe, Mansfield, for defendant in error.

498

SHERICK, PJ.

It appeals to us that these two excerpts from the contract are clear and unambiguous, and therefore need no construction of the simple and understandable language used therein.

We find that the policy contains a further provision in that "the employer may elect that all employees who, while insured hereunder, are temporarily laid off or given leave of absence, * * * shall be considered to be in the employment of the employer during such period," but this is further made dependent upon the employer performing certain things, and upon certain conditions, which it is now conceded the employer did not perform and comply with.

It is well settled in law that when a contract is made for the benefit of another— the employe in this case—he can have no greater rights under that contract than is provided thereby. The fact that the employer did not do certain things to keep the insurance in force during his lay off cannot be chargeable as against the insurer, and specially must this be true in that the company was not bound to do these things which the plaintiff in error now says the employer should have done.

The deduction of the sixty cents from the wages of the decedent at the time of his discharge for the previous month's insurance is strongly urged, as is also the fact that the employer made report to the insurer on August 4th of his discharge, which by the terms of its contract it was bound to do within the month. And, further, the company sought to ascertain if Mohler's estate was entitled to benefits. But these facts do not work an estoppel or place the society in any position from which it may not now recede.

We note further from the policy that it was within the power of the employee to have obtained an individual policy within a certain period after his discharge. This he did not do, and it now seems hardly fair or just that complaint be now made of that which he could have done for himself. The employee's certificate apprised him that termination of his employment ended the insurance in his favor, and neither the employer nor the insurer was under a duty to notify him that he was not covered by insurance.

The defendant in error calls our attention to **Aetna Life Ins Co v Lembright, 32 Oh**

Ap 10, 166 N. E., 586, Couch Cyclopedia of Insurance Law, vol. 6, §1359; Beecey v. Travelers Ins. Co., 267 Mass., 135, 166 N. E., 571; Kowalski v. Aetna Life Ins. Co., 266 Mass., 255, 165 N. E., 476, 63 A. L. R., 1030, and Chrosniak v. Metropolitan Life Ins. Co., 121 Misc. Rep., 453, 201 N. Y. S., 211, which we have examined and find to be ample support for the rule adopted in this controversy.

The judgment of the court of common pleas is found to be correct, and not contra to the law and the evidence, and we find no error in either the admission or exclusion of evidence. The motion for a new trial was rightly overruled, and the judgment will therefore be affirmed.

Judgment affirmed.

LEMERT and MONTGOMERY, JJ, concur.