JAMES JOHNSON *v*. INTER-OCEAN CASUALTY COMPANY

(No. 7243)

Submitted May 24, 1932.   Decided May 31, 1932.

*J. M. Jordan,* for plaintiff in error.
*J. Brooks Lawson,* for defendant in error.

MAXWELL, JUDGE:

The plaintiff prosecutes error to a judgment for the defendant on a directed verdict.

Plaintiff was an employee of Majestic Collieries Company. It is admitted by the defendant that as such employee the plaintiff was protected by a group policy of insurance issued by the defendant at the instance of the coal company.   The suit is on the policy.

Plaintiff's injury occurred December 1, 1930.   From the time his employment began in the summer of 1929 to the date of his injury his employer made regular deductions from his pay to cover his proportionate share of the premium for the group policy.   This was compulsory.   The plaintiff's testimony is uncontradicted that upon his making inquiry of the

bookkeeper of the collieries company with reference to the matter when the first deduction was made, the latter informed him that in event of sickness or injury he would be paid ten dollars and fifty cents per week under the policy.

The defendant denies liability on the ground that on the first of January, 1930, it issued a new group policy to the collieries company, which policy carried a lower premium and did not allow compensation for occupational injuries which were covered by the Kentucky Workmen's Compensation Act, and that the plaintiff was duly apprised of the changes in the policy. The plaintiff admits that his injury was occupational and that he received compensation from the Kentucky Workmen's Compensation Department, but he denies that he had notice of any change in the policy except reduction of premium. He testified that a substation boss of the collieries company informed him that a reduction was being made in the cost of insurance, and, at the request of the boss, he signed a card or slip with reference to the insurance, but was not permitted to read the card and had no information of its contents. No evidence is offered on behalf of the defendant. The card or memorandum which the plaintiff is supposed to have signed with reference to the change in the insurance is not before the court.

That the plaintiff had the right to sue the defendant on the group policy cannot be gainsaid. Couch, Cyclopedia of Insurance Law, Vol. I, p. 44; 31 Corpus Juris, p. 967; *Carpenter* v. *Chicago & E. I. R. Co.,* (Ind.) 51 N. E. 493; *Hardie* v. *Metropolitan Life Ins. Co.,* (Mo.) 7 S. W. (2d series) 746; *Fontana* v. *Casualty Co.,* 120 Kan. 406; *Carruth* v. *Etna Life Ins. Co.,* 157 Ga. 608; and 55 A. L. R. 1245. Some of these cases refer to the fact that a certificate had been issued by the employer to the employee identifying the latter as one of the group entitled to the benefits of the policy. The absence of such certificate, however, in no wise impairs the employee's rights under the policy. *Gallagher* v. *Simmons Hardware Co.,* 258 S. W. 16. This proposition is based on the general rule that "he for whose interest a promise is made, may maintain an action upon it; though the promise

be made to another and not to him.'' *Nutter* v. *Sydenstricker,* 11 W. Va. 535. *Vide item*: 6 Ruling Case Law, p. 884.

If a change was made in the form of the policy the first of January, 1930, the plaintiff would not be affected thereby unless he had proper notice thereof. This presents a question of fact for jury determination. The plaintiff unequivocally denied such notice and his testimony was not contradicted. The trial court therefore erred in directing a verdict for the defendant.

This action originated in a magistrate's court. An appeal was awarded by the circuit court on motion of the defendant under the provisions of Code 1931, 50-15-6, which authorizes such procedure for good cause. Plaintiff complains of this, but we are of opinion that the court acted within its discretion.

We reverse the judgment, set aside the verdict, and remand the case for a new trial.

*Reversed; verdict set aside; new trial awarded.*