**BRADLEY v. PRUDENTIAL INS. CO. OF AMERICA.**

**No. 7351.**

Circuit Court of Appeals, Ninth Circuit.

May 14, 1934.

Marvin B. Sherwin and Clifton Hildebrand, both of Oakland, Cal., for appellant.

F. Eldred Boland and Knight, Boland & Riordan, all of San Francisco, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

This appeal is from a judgment on a directed verdict for the appellee insurance company.

On June 1, 1928, appellee executed and delivered to Pullman, Inc., a policy of group insurance whereby appellee insured the lives of the employees of the Pullman Company who applied therefor for a period of one year on payment of a premium based upon the total number of employees insured thereunder and at a rate variable with the age of each of such employees respectively. This policy was renewed from year to year and was in full force and effect on the 28th day of May 1932. The "master policy" was issued to the Pullman Company as employer and certificates of insurance were issued to those employees desiring insurance under the policy. The premium for the policy was paid to the insurer by the employer which deducted from the pay of each insured employee a portion of the premium on the insurance for such employee.

On November 21, 1930, Ralph W. Bradley, then an employee of the Pullman Com-

pany at Oakland, Cal., became insured under this policy and received two certificates of insurance in which his mother, appellant herein, was beneficiary. One of these certificates was for the sum of $1,500 payable in the event of the death of the insured during the term of the policy and certificate, and the other was for the sum of $1,500 payable in the event that such death of the insured resulted from external violence and accidental means. Each of these certificates was increased on January 1, 1932, to the sum of $1,650.

The policy of group insurance issued to the employer contained a provision, among others, as follows:

"Irrespective of any other mode of termination, the insurance upon the life of any person insured hereunder shall cease and determine upon termination of the employment of such person with the employer, except that at the option of the employer employees temporarily laid off, upon leave of absence, or temporarily disabled, shall during such periods be considered as being in the employ of the employer. The employer shall enter upon the record of employees the date when the insurance upon any employee terminated. Such entry by the employer of any termination of insurance shall be satisfactory evidence that such insurance has terminated, and shall release the company [the defendant] from all claims on account of the insurance so terminated, except as to the right of conversion as herein provided."

For some time prior to March 27, 1932, Ralph Bradley, due to lack of business of his employer, had worked only at intervals and reported for work when notified by his employer. His last work was performed on March 27, 1932, during the course of which he asked to be excused on account of illness. He reported for work again on March 29, 1932, at which time the evidence shows he was discharged for malingering. He did not, however, receive his pay at that time but was paid on April 10, 1932, the regular pay day. This delay is explained by the fact that the time cards of the employees were sent in to the home office of the company in Chicago, Ill., where they were audited and the pay checks were issued. The sum of $2.20 was deducted from his pay check to cover the portion of the premium chargeable to him on his insurance for the month of April. The bookkeeping department of the home office, by which the pay checks had been issued, upon receiving a report of Bradley's discharge, issued a refund check for $2.20 payable to him to cover the premium that had been erroneously deducted from his pay check for March. This refund check was forwarded to the company's office in Oakland, Cal., and Bradley was informed the refund check was being held for him and he was asked to surrender his group insurance certificates, which he promised to do but failed to do.

On May 26, 1932, while diving into the Oakland estuary, Ralph Bradley broke the vertebræ in his neck as a result of which he died on May 28, 1932. Action was subsequently brought on his two insurance certificates.

The District Court directed a verdict for appellee insurance company on the ground that the uncontradicted evidence clearly showed that Ralph Bradley had been discharged on March 29, 1932, and that under the above-quoted terms of the policy the insurance terminated at the time of discharge. Appellant contends there was a conflict in the evidence regarding the discharge of the insured on March 29, 1932, arising from the inferences to be drawn from the fact that ordinarily employees who have been discharged are paid immediately and in the case at bar the insured was not paid on March 29, 1932, but on April 10, 1932, the regular pay day for employees of the Pullman Company, and also from the fact that his portion of the premium on his insurance for the month of April was deducted from his pay. These inferences are completely overcome by the direct evidence introduced by the appellee to the effect that Ralph Bradley was discharged on March 29, 1932, and that the premium had been erroneously deducted and a refund thereof had been attempted and consented to by the insured. No evidence was introduced by appellant to contradict this clear and unequivocal testimony given by appellee's witnesses.

Policies of insurance, where the terms are clear and unambiguous, must be enforced like other contracts according to terms which have been used therein by the parties. Bergholm v. Peoria Life Ins. Co., 284 U. S. 489, 52 S. Ct. 230, 76 L. Ed. 416; New York Life Ins. Co. v. Gist (C. C. A. 9) 63 F.(2d) 733; Aschenbrenner v. U. S. Fidelity & Guaranty Company, decided April 2, 1934 (U. S.) 54 S. Ct. 590, 78 L. Ed. ——. The provision in this policy of group insurance that irrespective of any other mode of termination, the insurance upon the life of any person insured thereunder shall cease and determine upon termination of the employment of such person with the employer is clear and unam-

biguous and being of the essence of the contract must be enforced. Leach v. Metropolitan Life Ins. Co., 124 Kan. 584, 261 P. 603; Peques v. Equitable Life Assur. Soc. (Mo. App.) 57 S.W.(2d) 705; Kowalski v. Ætna Life Ins. Co., 266 Mass. 255, 165 N. E. 476, 63 A. L. R. 1030; Thull v. Equitable Life Assur. Soc., 40 Ohio App. 486, 178 N. E. 850; Ætna Life Ins. Co. v. Carroll (Ark.) 65 S.W.(2d) 25.

Under the evidence in the case at bar it was the duty of the trial court upon appellee's motion to direct a verdict for appellee. It is unnecessary to discuss the other contentions of appellant which we have examined and found without merit.

Judgment affirmed.