PUTNAM, C. J. (Riley, Keniston, JJ.)
This is an action of contract to recover the sum of $250 with interest from December 26, 1939. It was presented to the trial judge, and by report to this division, on an agreed statement of facts.
The material facts are that on August 22, 1919, the defendant issued to Charles V. Reynolds a twenty-year endowment policy of insurance which provided that the defendant would pay to Reynolds, if living, ait the end of 20 years, or to his beneficiary if he had died, the sum of $2,500.
Under the heading “Total and Permanent Disability Benefit Provision” in ithe policy there are 8 numbered paragraphs. We are concerned primarily with No. 1 and No. 2.
No. 1 provides, in substance, that after 60 days total disability from injury or disease after one year’s premium should have been paid, if no premium is in default, upon due.proof of disability, the defendant will grant “the following benefits subject to the terms and conditions herein set forth.”
No. 2 reads, in full, as follows:—
“2. Disability Occurring Before Age 60.—If such disability occurs before the Insured reaches the age of 60 years, the Company will waive the payment of further premiums, after the then current policy year, during the continuance of the disability, and, at the end of six months from the date on which the disability is proved, will pay to the Insured, subject to the *102 conditions and limitations of this provision, with the written consent of the assignee, if any, an amount equal to one-tenth of the face amount of the policy, and a like amount annually thereafter during the continuance of the disability, until the maturity of the policy.”
The policy matured and became payable on August 22, 1939. Some time before June, 1939, the insured (all of whose premiums were paid in full) became wholly and permanently disabled and remained so disabled for at least 60 days up to June 26, 1939. On that day proof of such disability was received by the defendant. The insured was then under 60 years of age. Demand seems to have been made on some unspecified date by the insured for a payment of $250 (one tenth of the! face of the policy) because it is recited that the defendant refused to pay. The insured brought this action by writ dated January 9, 1940, and died before trial. His executrix has been substituted as plaintiff. There was no assignee of the policy. The defendant based its refusal to pay on ithe ground that no liability for this disability benefit could arise until 6 months after June 26, 1939; that before said 6 months ended the policy had matured (on August 22, 1939); and that said maturing of the policy prevented any liability for this disability payment ever arising because, by the terms of Paragraph 2 of the “Total and Permanent Disability Benefit Provision” above set forth, disability payments were to be made only until the maturity of the policy.
The plaintiff presented requests for peremptory rulings that as matter of law she was entitled to recover either $250 or $250 with interest from December 26, 1939. The trial judge denied these requests and found for the defendant.
This is an action on a policy of insurance. Accordingly, every doubt as to the meaning of the language employed is to be resolved against the insurer. Peters v. Companions of the Forest of America, 303 Mass. 70, 73-4.
We are unable to agree with the defendant’s contention as to the construction to be given to this policy. It seems to us that the case is in principle controlled by Shea v. Aetna Life Insurance Company, 292 Mass. 575. The liability of the defendant for disability benefit came, into existence on June 26, 1939, while the insured was alive and before the policy had matured. The provision for a postponement of the payment of that benefit for 6 months is a condition of the satisfaction or collection of the debt, and not of its creation. Trucken v. Metropolitan Life Insurance Co., 303 Mass. 501, 504-5. To say that the plaintiff cannot have the money because his total disability was proved within less than 6 months before the maturity date of the policy is, as was pointed out in the Shea case, to reduce the 20 year term of the policy, so far as disability benefits are concerned, to a term of 19 years and 6 months,—a result which the court expressly declined to reach in the Shea case and *103 which does not seem to us to be called for by a reasonable construction of the provisions of Paragraph 2 of the conditions quoted above. We believe that the words “until the maturing of the policy” modify only the phrase “and a .like amount annually thereafter during ithe continuance of the disability,"
It appears from Parágraph 6 of the “Total and Permanent Disability Benefit Provision” that the insured paid the defendant a “special yearly premium” of $1.83 for this disability benefit. We see no valid reason for giving the insured only 6 months’ protection during the last year of the policy when he has paid for a year’s protection.
We are unable to agree with the decision of the St. Louis Court of Appeals in Mandel v. John Hancock Life Insurance Company, 145 S. W. 2d 449 (Dec. 19, 1940) where the precise language of Paragraph 2 above quoted was drawn in question in a case somewhat similar to that at bar. The view adopted by that court is wholly at variance with the principle of the Shea and Trucken cases.
The sum of $250 having been wrongfully detained by the defendant from and after December 26, 1939, the plaintiff is entitled to recover that sum, with interest from that date, whether a demand was made therefor or not. Foote, v. Blanchard, 6 Allen 221; Ratker v. Hill, 270 Mass. 249.
The order is
Judgment for the plaintiff for $250 with interest from December 26, 1939.