MARGARET E. DE VILLE, Individually and as Administratrix of the Estate of WARD H. DE VILLE, Deceased, Appellant, *v.* CONTINENTAL ASSURANCE COMPANY, Respondent.

Fourth Department, April 27, 1960.

*Rossi, Di Gaetano & Dorsey* (*John M. Regan* of counsel), for appellant.

*Nixon, Hargrave, Devans & Dey* (*William B. Lee, Jr.,* of counsel), for respondent.

BASTOW, J. P. Both parties to this action concede that there exists no triable issue but each demands summary judgment. The facts are simple. Plaintiff's intestate (hereinafter the " insured ") was a member of a carpenters' union from 1957 to 1959. On June 1, 1957 he became insured and was issued a certificate under a group plan entered into between defendant and the trustees of Mohawk Valley District Council Carpenters Welfare Fund.

The insured died on May 14, 1959. It is alleged in the amended answer and here accepted by plaintiff that the eligibility of insured for coverage under the group plan terminated

on April 1, 1959. The policy, however, provides for certain conversion privileges and additional coverage during the period thereof. Among other things, it is provided that if insurance under the plan ceases because of termination of employment or membership in an eligible class the insured is entitled to have issued, without evidence of insurability, an individual policy, other than term insurance, provided written application is made and the first premium paid within 31 days after such termination. It is here conceded that no such application was ever made by or on behalf of the insured.

There is a further policy provision that if the insured dies during the period within which he would be entitled to have an individual policy issued and before it becomes effective, the amount to which he would be entitled under the individual policy shall be payable, whether or not application has been made for the individual policy or the first premium paid. This means, as applied to the facts herein, that if insured had died on or before May 2, 1959 — 31 days after termination of eligibility for coverage — his beneficiary would have been entitled to payment of the death benefit of $1,500.

These provisions giving an insured the privilege to convert to an individual policy in the event of termination of insurance under the group plan and for coverage during the conversion period are standard provisions required to be incorporated in a group life insurance policy issued in this State to the trustees of a fund established by a labor union (Insurance Law, § 161, subd. 1, par. [e]; § 204, subd. 1, par. [d]). In view of the problem here presented it may be helpful to trace the legislative history of these standard provisions. Prior to the general revision of the Insurance Law (L. 1939, ch. 882) the provision giving a conversion privilege only was in section 101-b of the law. The origin thereof was chapter 192 of the Laws of 1918, which mandated a provision giving the right of conversion upon termination of employment, and without evidence of insurability, upon making application to the company within 31 days after termination of employment. It should be emphasized that during these years from 1918 to 1939 there was no requirement that the policy contain provisions (1) giving the insured coverage during the conversion privilege period or (2) requiring that the insured be given notice of the conversion privilege.

The law seems to be well established that coverage under a group plan is not automatically extended following termination of employment during the conversion privilege period in the absence of a provision giving such coverage in policy or statute (*Ætna Life Ins. Co.* v. *Catchings,* 75 F. 2d 628; *Missouri State*

*Life Ins. Co.* v. *Hinkle,* 18 Tenn. App. 228; *Ætna Life Ins. Co.* v. *Carroll,* 188 Ark. 154; *Duval* v. *Metropolitan Life Ins. Co.,* 82 N. H. 543; *Fearon* v. *Metropolitan Life Ins. Co.,* 138 Misc. 710). While these decisions undoubtedly state the logical view considerable litigation has arisen on the issue as to whether employment had been terminated and doubts have been expressed as to the wisdom from a nonlegal view of terminating coverage during the conversion privilege period. (See Crawford and Harlan, Group Insurance, §§ 32–39.)

When there was a general revision of our Insurance Law in 1939 (L. 1939, ch. 882) section 101-b was renumbered section 161 and contained standard provisions which were mandated to be included in certain specified group life policies unless more favorable provisions were contained therein. Paragraph (e) of subdivision 1 of this section required that as to certain insurable groups the policy should contain the conversion privilege period of 31 days and a further provision " that upon the death of any such employee or member during such thirty-one day period and before any such individual policy has become effective, the amount of insurance for which such employee or member was entitled to make application shall be payable as a death benefit by the insurer." This privilege and coverage were extended to those insured under group policies issued to employees, labor unions, organized associations of civil service employees and units of State Police. There were others insurable under such group policies to whom this provision did not apply. (L. 1939, ch. 882; § 204, subd. 1, par. [c].)

After this amendment there still remained a line of authorities holding that the insured was legally obligated to know his rights in the matter of applying for an individual policy, so the insurer was not required to give him notice of the conversion privilege or of the termination of its liability. (Cf. *Chrosniak* v. *Metropolitan Life Ins. Co.,* 121 Misc. 453, affd. 209 App. Div. 846; *Magee* v. *Equitable Life Assur. Soc.,* 62 N. D. 614; *Thull* v. *Equitable Life Assur. Soc.,* 40 Ohio App. 486.)

In 1940 the Legislature undertook to partially remedy this situation. Section 204 of the Insurance Law then defined group life insurance and in paragraphs (a) to (e), inclusive, of subdivision 1 authorized issuance of group policies to (a) an employer; (b) a labor union; (c) a creditor or vendor; (d) an association of civil service employees and (e) units of State troopers. By chapter 208 of the Laws of 1940 section 204 was amended by adding thereto subdivision 3. This provided that in the event a group policy was issued to a group described in paragraph (a) of subdivision 1 (50 or more employees of the

same employer) containing a conversion privilege "such certificate-holder shall be notified of such privilege and its duration within fifteen days after the happening of the event, provided that if such notice be given more than fifteen days, but less than ninety days after the happening of such event, the time allowed for the exercise of such privilege of conversion shall be extended for fifteen days after the giving of such notice. If such notice be not given within ninety days after the happening of the event, the time allowed for the exercise of such conversion privilege shall expire at the end of such ninety days." The enactment went on to provide that the notice might be given by the employer or the insured and stated the requirements in each event.

It appears from the bill jacket that when this proposed legislation was before the Governor communications in regard thereto were sent to him by the respective chairmen of the Insurance Committees of the Senate and Assembly; the Department of Insurance and others. The Counsel to the Governor in his memorandum stated, among other things, that the bill "requires a 15 day notice to be given to the employee of his conversion privilege in the event that he leaves his employer. If no such notice is given, then the policy is continued for a period of 90 days. I presume that if he should die within the 90 day period, he would recover the face amount of the policy." These communications, of course, are not conclusive but they are aids in seeking legislative intent. (Cf. *County of Erie* v. *City of Buffalo,* 4 N Y 2d 96, 104.)

It must be conceded, as several of the foregoing communications to the Governor point out, that this provision requiring the giving of notice was not placed in section 161 of the Insurance Law as a standard provision. The reason therefor is apparent. The provision did not apply to all group life policies but only to those issued "to an employer, who shall be deemed the policyholder, covering not less than fifty employees of such employer". (L. 1939, ch. 882; Insurance Law, § 204, subd. 1, par. [a].) The enactment left the implementation of the notice provision to agreement between the employer and the insurer but the ultimate responsibility rested upon the latter.

The policy before us, as has been stated, was issued to the trustees of a union welfare fund. This group was not recognized as one to which a group policy could be issued until 1947. In that year section 204 was amended (L. 1947, ch. 324) by adding a new paragraph (d) to subdivision 1, which authorized the issuance of such a policy to, among others, the trustees of a fund established by one or more labor unions. The following

year sections 161 and 204 were amended (L. 1948, ch. 708). This amendment made changes that are here significant. Paragraph (e) of subdivision 1 of section 161 was amended to make mandatory the inclusion of the standard provision granting the 31-day conversion privilege and coverage during that period in policies, among others, issued to trustees of a labor union fund. The same enactment amended subdivision 3 of section 204 to provide that in the event a policy was issued to the trustees of a labor union fund, among other groups, which contained a conversion privilege the certificate holder was entitled to 15 days' notice of the conversion privilege and in the event no notice was given the conversion privilege expired at the end of 90 days.

Thus, there emerges a rather clear legislative intent. As to certain groups, but not all, to which group life policies may be issued the Legislature has mandated that certificate holders have a conversion privilege period of 31 days with coverage during that time. In addition some, but not all, insurable groups must be notified of the conversion privilege or the period is extended to 90 days. The defendant had issued to such a group a policy and plaintiff's intestate was a certificate holder thereunder. He received no notice of his conversion privilege and died during the 90-day period. Thus, the question is presented as to whether coverage continued for only 31 days or for 90 days.

Section 143 of the Insurance Law provides that in all respects in which the provisions of an insurance policy are in violation of that law the policy shall be enforcible as if it conformed with such requirements. The policy before us complies with section 161 and contains the conversion privilege period of 31 days and coverage during that time. It seems clear that since 1948 a certificate holder, such as plaintiff's intestate, insured under a group policy issued to the trustees of a labor union welfare fund had the additional right to be notified of such privilege and its duration. If the insured failed to give the notice, as it did here, the conversion period was extended to 90 days. We conclude that in this respect the policy must be deemed amended at least to the extent of fixing the conversion privilege period at 90 days.

Turning to the policy we find the provision that if the "Insured dies during the period within which he is entitled to have an individual policy issued to him * * * the amount of life insurance which he would have been entitled to have issued to him under such individual policy shall be payable as a claim under this Policy, whether or not application for the

individual policy or the payment of the first premium therefor has been made.''

The statutory amendments of 1940, 1947 and 1948 practically made obsolete — as to this particular kind of group insurance — the present policy provision which simply grants a 31-day conversion privilege. As to certain types of group insurance authorized by section 204 this standard conversion privilege provision continues applicable. But the Legislature, as to certain other groups, including the group of which insured was a member, has mandated that upon termination of employment or membership in an eligible class the insured must be notified of the 31-day conversion privilege. If there is a failure to do so the period is extended to 90 days.

The risk that the defendant took was foreseeable. The conversion privilege could have been limited to 31 days by the service upon the insured of the required notice of his conversion rights. The defendant failed to do so and thereby assumed the risk that if insured died during the 90-day period the amount of insurance to which he would be entitled under the conversion privilege would be payable as a claim under the policy.

The central theme running through the communications to the Governor, heretofore discussed, at the time of the 1940 amendment of section 204, was that many certificate holders were ignorant of the conversion privilege and the giving of notice thereof should be required or in the absence thereof the period for conversion extended. When the history of the legislation relating to group insurance is studied and the language of statute and policy examined there is to be found a legislative intent that in the absence of notice coverage is to be extended for the period of 90 days.

'' The doctrine of interpreting a statute according to its purpose or spirit, when properly employed, undoubtedly provides the soundest judicial technique for understanding the meaning of a statute. Not only must attention be given the language and contextual arrangement of the statute, but also the proper emphasis must be accorded the existing law relating to the subject, the social and economic factors giving rise to the legislation, and the effect that a possible interpretation will have upon society.'' (3 Sutherland, Statutory Construction, § 6007.) Here we have evidence of legislative intent from the pens of the sponsors of the legislation that the purpose of the 1940 amendment was to give employees knowledge of their right to convert. As we have seen, the defendant in this case could have complied with section 204 and brought about the expiration of the 31-day conversion period prior to the death of plaintiff's intestate by

prompt service of the notice. Having failed to do so the conversion privilege and coverage continued to the date of insured's death some 43 days after termination of his eligibility under the group policy. If the statute is interpreted according to its purpose and spirit we conclude that the certificate holder was insured at the time of his death under the terms of the policy when construed together with the pertinent statutory provisions.

The order appealed from should be reversed and plaintiff's motion for summary judgment granted.

Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Order unanimously reversed, with $25 costs and disbursements and plaintiff's motion for summary judgment granted with $10 costs.