GERTRUDE PAYNE, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

First Department, October 26, 1961.

*Julius Siegel* for plaintiff.

*Marshall F. Denenholz* of counsel (*Eugene T. O'Neill,* attorney), for defendant.

*Per Curiam.* This is a submission of controversy upon agreed facts, pursuant to sections 546 to 548 of the Civil Practice Act. The controversy involves the right of plaintiff to recover the death benefit under a certain group life insurance policy issued March 1, 1956, by the defendant to cover employees who were members of a certain trades council and who were employed by contributing employers. As such a member and as so employed, Glenn Payne on March 1, 1956 received from defendant its certificate, duly issued in accordance with the provisions of the policy, and thereby his life was insured in the sum of $5,000 to be paid upon his death to Gertrude Payne, plaintiff herein, as beneficiary. The group policy and the certificate provided that the insurance of any employee under the group policy should terminate automatically on cessation of active work by an employee with a contributing employer. Such provisions, however, were subject to further provisions therein or by law for an "extended death benefit" and for the privilege of conversion into an individual policy.

As of August 31, 1958, Glenn Payne ceased active work as an employee of a contributing employer, and thereafter, on October 31, 1958, he died. No notice had been given to him of his conversion privileges as required by subdivision 3 of section 204 of the Insurance Law. Under these circumstances, we are concluded by the decision of *De Ville* v. *Continental Assur. Co.* (10 A D 2d 386, affd. without opinion 8 N Y 2d 1080) and are required to

hold that, by virtue of the statutory provisions, coverage of the insured by the policy continued for the 90-day period after termination of employment and that death of the insured during such period entitled plaintiff to the death benefit.

The position of the defendant is that its liability is limited by the particular terms of its policy which merely provide for payment of the death benefit upon due proof of death of the employee "within thirty-one days after * * * termination of employment." Such position, however, is not sustainable in view of the conclusions reached by the court in the *De Ville* case.

The defendant in the *De Ville* case also specifically took the position that (quoting from its brief in the Court of Appeals) "under the terms of the policy *coverage* exists only for 31 days after termination of eligibility." In fact, on its face, the Continental policy before the court in the *De Ville* case did merely provide for payment of the death benefit in case of death of the insured within a 31-day conversion period. The provisions of the said policy were for the payment of the amount of the insurance where the " [i]nsured dies during the period within which he is entitled to have an individual policy issued to him in accordance with (A) or (B) above "; and " (A) " and " (B) " above were provisions giving a conversion privilege for a period of 31 days after termination of eligibility for the group policy coverage.

The fact is that the *De Ville* Continental policy, as well as the Equitable policy before the court here, in conformity with the standard provision requirements of Insurance Law (§ 161, subd. 1, par. [e]) merely contained provisions for a 31-day conversion privilege and a 31-day death benefit after termination of eligibility. Neither policy, as written, contained any reference to the statutory obligation to give notice to the insured of the conversion privilege, nor any reference to the continuance of such privilege for 90 days on failure to give notice. Provisions with reference thereto were not required as standard provisions, the reason being that such provisions did not apply to all group life policies (*De Ville, supra,* p. 390). But a group policy, subject to the provisions of subdivision 3 of section 204, must be interpreted and given effect as if expressly containing or referring to the same. (Insurance Law, § 143.)

Under the circumstances, the conclusions expressly reached by the court in *De Ville* (pp. 391–392) are fully applicable here, to wit: that " the policy must be deemed amended at least to the extent of fixing the conversion privilege period at 90 days. * * * The statutory amendments [to sections 161 and 204] of 1940, 1947 and 1948 practically made obsolete—as to this

particular kind of group insurance — the present policy provision which simply grants a 31-day conversion privilege.''

Then, the court in *De Ville,* after so concluding and after studying the legislative history and examining the statutory amendments and the policy before it, stated that there was (p. 392) '' to be found a legislative intent that in the absence of notice coverage is to be extended for the period of 90 days.'' The court thereupon further concluded that (p. 393) '' [i]f the statute is interpreted according to its purpose and spirit '' and the policy construed '' together with the pertinent statutory provisions '' then, in the absence of notice, coverage should exist for the period of 90 days.

We believe that the Court of Appeals, in its affirmance without opinion in *De Ville,* is to be deemed to have approved the conclusions of the Appellate Division with respect to the interpretation and effect of the statute (Insurance Law, § 204, subd. 3) upon a group life policy containing merely 31-day conversion and death benefit provisions in accordance with standard provision requirements. The points with respect thereto, under consideration here, were squarely presented to the Court of Appeals by the briefs submitted upon the appeal to such court. According to the official syllabus of the decision in such court (8 N Y 2d 1080, 1081, *supra*): '' Plaintiff alleged that, because decedent was not notified of his right to convert, the policy continued in effect for 90 days and was in effect when decedent died. In the Court of Appeals defendant argued that the 31-day right to convert carried automatic coverage for only 31 days, and that the failure to give notice as required by subdivision 3 of section 204 of the Insurance Law operated only to extend the right to convert but did not extend coverage.''

Under the circumstances, the affirmance by the Court of Appeals, without opinion, of *De Ville* is decisive of the questions here. Thus, plaintiff should have judgment against the defendant for the sum of $5,000, with interest from October 31, 1958. The parties having so stipulated, judgment will be without costs.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and EAGER, JJ., concur.

Judgment for plaintiff against defendant for the sum of $5,000, with interest from October 31, 1958. The parties having so stipulated, judgment will be without costs. Settle order on notice.