David O. Boehm, J.
Plaintiffs commenced this action by service of a summons on December 17, 1974. They seek a declaratory judgment that a certain contract of loan made with the defendant Home & Auto Loan Co., Inc., is void in the inception because of certain enumerated claimed violations of the State Banking Law by the defendant. Plaintiffs further seek a money judgment equal in amount to all of the payments made on the loan from the date of defendant’s first violation.
The loan in question was made to the plaintiffs on or about June 12, 1972. The defendant was at that time and is still a licensed lender subject to and regulated by article IX of the State Banking Law.
Plaintiffs, in their complaint have set forth four causes of action.
The first alleges that the defendant has violated certain provisions of the Federal Truth in Lending Act, hereinafter referred to as TIL (US Code, tit 15, § 1601 et seq.) as the same has been incorporated in the State Banking Law through sections 351 and 353 of article IX.
The second cause of action alleges that the defendant violated section 353 of the Banking Law in failing to deliver to plaintiffs at the time of making the loan, a printed copy of subdivisions (a), (b), (c) and (e) of section 352 of the Banking Law, as required.
The third cause of action alleges that the defendant violated *836 section 350 of the Banking Law in not preserving, as required, for a period of at least two years from the date of the final entry on the loan, the necessary books, accounts and records to enable a determination of whether there has been compliance with article IX of the Banking Law.
Finally, in their fourth cause of action, the plaintiffs seek recovery of all sums paid on the loan to date by reason of the violations of section 352 (subd [a]; subd [d], par 3; and subd [e]) of the Banking Law.
This matter is now before the court on a motion by the plaintiffs for summary judgment on the first cause of action and, as amended by plaintiff’s affidavit attached to the notice of motion, on the third cause of action as well.
Defendant, by its amended answer, has generally denied the allegations of the complaint and raised six affirmative defenses.
The first affirmative defense asserts that this action, begun on December 17, 1974, is barred by the TIL one-year Statute of Limitations (US Code, tit 15, § 1640, subd [e]). Subdivision (e) of section 1640 provides for a one-year period within which civil liability actions shall be commenced, as follows: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year of the date of the occurrence of the violation.”
Plaintiffs, however, argue that the appropriate Statute of Limitations to be applied is covered by CPLR 214 (subd 2), which provides for a three-year period in actions to recover upon a liability, penalty or forfeiture created or imposed by statute.
If the TIL one-year Statute of Limitations is applied to the present action, the plaintiffs’ first cause of action, which is based upon certain requirements of TIL and of Regulation Z adopted thereunder by the Board of Governors of the Federal Reserve System (12 CFR Part 226) as the same have been incorporated in sections 351 and 353 of the State Banking Law, would have to be dismissed as time-barred. The question then becomes one of a proper construction of article IX of the Banking Law, particularly as to whether the incorporation of TIL therein is so all-inclusive as to include the TIL one-year Statute of Limitations.
The incorporation by reference of TIL and its regulations into the Banking Law became effective July 1, 1969 by chap *837 ter 1141 of the Laws of 1969, and occurred simultaneously with repeal of the New York State Truth-in-Lending Law, enacted in 1968 (General Obligations Law, former art 6, repealed by L 1969, ch 1141, § 1). How far and to what extent the amendment incorporating TIL has altered the Banking Law depends primarily upon the intention of the Legislature as expressed in the act creating the change.
It is a basic rule in the interpretation and construction to be placed upon a statute that the intention of the Legislature should be ascertained and given effect (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 92). The memorandum of opinion of the Department of Banking, as found in New York State Legislative Annual (1969, p 178), reveals the purpose of the 1969 amendment.
"(a) to ensure that provisions relating to the disclosure of credit charges are not inconsistent with the applicable provisions of the Federal Truth-in-Lending Act of 1968 and the regulations thereunder and (b) to provide penalties under State law for violations of the Federal standards * * *
"Subdivision (7) of §215 of the Civil Practice Law and Rules, which prescribes a one-year limitation for actions to recover a penalty pursuant to Article VI of the General Obligations Law [New York State Truth-in-Lending Law] would be repealed.”
The memorandum goes on to state that (p 179): "The bill repeals the New York State Truth-in-Lending Act in view of the following considerations: (a) the Federal law and regulations supersede the State law, (b) under § 123 of the Federal law the State law could become the governing law only by complying with such conditions as the Federal Reserve Board might require with respect to additional administrative enforcement provisions, (c) the disclosure and advertising requirements and the scope of the State and Federal Laws are substantially similar, and (d) the interests of the New York consumer will be equally well served under the Federal law and regulations.”
Significantly, the memorandum of the Department of Banking ends by stating (p 180): "Since the Federal Law creates a penalty for the failure to disclose credit information pursuant thereto and a right to enforce the penalty in any court of competent jurisdiction, with a one year limitation, § 215(7) of the Civil Practice Law and Rules, which was added by Chapter 1072 to impose a one-year limitation on actions to recover *838 a penalty under the State Truth-in-Lending Act, is no longer necessary. Accordingly, the bill would repeal subdivision (7).” (Emphasis supplied.)
Accordingly, by the very language of the memorandum of opinion which accompanied and expressed the purpose of the State legislation in this field, we clearly see spelled out the intention to have the Federal one-year Statute of Limitations found in TIL to apply in State actions as well.
The Governor’s memorandum approving the amendment also gives further evidence of the intention to apply TIL in its entirety to article IX transactions: "After full study of the Federal Act, it has been ascertained that the Federal Act will, in fact, adequately protect New York consumers, and that New York State Law would not supersede the Federal Act with respect to intra-state transactions. Consequently, merchants in the State would in all circumstances have to make dual disclosures (which might differ in detail), thereby increasing costs that would have to be passed on to the consumer, and increasing the potential for consumer confusion, contrary to the fundamental objectives of both acts. Accordingly, elimination of the New York act will enable the Federal Act to have full force in the State in a manner designed to afford maximum protection to consumers in the State.” (N. Y. Legis. Ann., 1969, p 585.)
Review of the Governor’s memorandum together with that of the Banking Department unmistakably sets forth that one basic purpose of incorporating TIL and its regulations into article IX of the Banking Law was to bring the small loan company credit disclosure requirements of State law into conformity with Federal disclosure requirements, thereby eliminating the need for such lenders, many of whom are engaged in interstate commerce with offices in several States, to comply with potentially differing State and Federal standards with a resultant increase in confusion and a possible diminution of protection to the consumer.
It may be concluded that there is a clear legislative intent to adopt TIL in its entirety, including its one-year Statute of Limitations.
An extensive review of cases in other jurisdictions has revealed no instance in which a State Statute of Limitations has been permitted to supersede the TIL one-year statute as it applies to actions seeking to impose the civil liability penalties found in section 1640 of title 15 of the United States Code. *839 However, cases have been found where time-barred TIL statutory civil claims have been permitted in State actions when the same are pleaded as counterclaims in the nature of setoffs or by way of recoupment.
In First Nat. City Bank v Drake (N.Y.L.J., Sept. 27, 1973, p 17, col 6) the plaintiff bank sued in New York City Civil Court for the balance of a note and the defendant cross-moved to interpose a counterclaim for statutory civil TIL penalties. Although it was held that the causes of action in the counterclaim were time-barred by the TIL Statute of Limitations, the interposed counterclaim was permitted under CPLR 203 (subd [c]) as a setoff against the plaintiff’s claim. The same result was found in a New Mexico case, Collectors v Atrisco Assn. (4 CCH Consumer Credit Guide, par 98779 [N.M. Dist. Ct., Jan. 31, 1974] and under an Illinois statute in Wood Acceptance Co. v King (18 Ill App 3d 149). A contrary result was arrived at in a Georgia case (Hodges v Community Loan and Inv. Corp., 133 Ga App 336) apparently because no set-off statute similar to CPLR 203 (subd [c]) was there in effect.
This court recognizes that the plaintiffs, by their first cause of action, seek the imposition of a forfeiture of the loan. This is a civil penalty apparently created only under section 358 of the State Banking Law for violations of article IX. It is uniquely a Banking Law penalty which pre-existed the TIL. This same penalty does not exist in TIL. It might, therefore, be argued, as the plaintiffs do, that the three-year limitation in CPLR 214 (subd 2) governing actions upon a forfeiture should apply where section 358, rather than a TIL penalty, is invoked.
However, TIL was designed to protect consumers and afford them, through meaningful disclosure, an opportunity to compare and shop for credit terms. It should be utilized for maximum consumer protection, but not be so perverted in use as to thwart recovery of moneys validly owed and fully disclosed (Shields v Valley Nat. Bank of Arizona, 56 FRD 448 [DC Ariz, 1971]; Andrucci v Gimbel Bros., 365 F Supp 1240).
It has long been recognized that interpreting a statute according to its properly employed purpose or spirit provides the soundest judicial technique for understanding the statutory meaning. In addition to the language and contextual arrangement of the statute, attention must be paid to the proper emphasis to be accorded the existing law relating to the subject; the social and economic factors giving rise to the *840 legislation; and the effect that a possible interpretation will have upon society (De Ville v Continental Assur. Co., 10 AD2d 386, affd 8 NY2d 1080).
By applying these principles, together with the already referred to intention of the Legislature, one arrives at a mutually consistent application of TIL to the Banking Law. Accordingly, the appropriate Statute of Limitations to be applied to the plaintiffs’ first cause of action would seem to be the one-year statute provided in title 15 (§ 1640, subd [e]) of the United States Code. It follows that the plaintiffs’ first cause of action must be dismissed because the period of limitations commences to run from the date of the making of the loan (Chevalier v Baird Savs. Assn., 371 F Supp 1282 [DC Pa, 1974]; Wachtel v West, 476 F2d 1062, cert den 414 US 874; CPLR 3212, subd [b]; Matter of City of Jamestown v Sfetko, 15 AD2d 403).
In arriving at this conclusion, it should not go unobserved that there is still to be resolved, when appropriate circumstances are presented for judicial scrutiny, the question of whether the penalty and forfeiture provisions of section 358 of the Banking Law are applicable to violations of the disclosure requirements of TIL as incorporated in sections 351 and 353. Having applied the TIL Statute of Limitations to actions based upon loan disclosure violations under State law, it may also be appropriate to limit the potential relief of an aggrieved borrower to the civil remedies provided in TIL. To so conclude, would not be inconsistent with the discernible legislative purpose and intent of incorporating by reference TIL into sections 351 and 353 and may well be compatible with statutory analysis of section 358.
Also to be noted in passing is the defendant’s argument that its lending activities are carried on exclusively with New York residents within the State of New York and, therefore, it is engaged in intrastate commerce only. Although the TIL has been found to be a valid constitutional exercise of Federal legislative power under the commerce clause of the Constitution (Mourning v Family Pub. Serv., 411 US 356; Littlefield v Walt Flanigan & Co., 498 F2d 1133), it is the defendant’s position that the TIL is not applicable to it, as an intrastate lender, because Federal TIL legislation is constitutionally restricted from regulating intrastate commerce. Defendant apparently contends that it must be governed exclusively by State law and that there can be no violation of TIL as *841 incorporated into State law until it first appears that there is conduct in breach of a mandate which exists as a result of the exercise of some valid legislative jurisdiction, which is here lacking.
Although not raised by either party, the question of the constitutional validity of TIL as incorporated by reference into article IX may also be perceived with regard to this defendant in respect to the fundamental legislative power to incorporate any act by reference into existing State law. Section 16 of article III of the New York State Constitution provides: "No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act.”
This article has been interpreted to permit incorporation by reference to Federal law and regulations where the reference is to existing Federal law and regulations already applicable to all citizens of the State (People v Mailman, 182 Misc 870, affd 293 NY 887; People v Lorillard, 135 NY 285). If the defendant is correct in its contention that it is engaged solely in intrastate commerce, it would then be in a position to argue that incorporation by reference of TIL into article IX is in violation of section 16 of article III because TIL, not then applicable to the defendant as a citizen of the State, had been incorporated by reference into an existing statute.
But, as to this, one must also consider section 21 of article III of the State Constitution, which exempts legislation from the strictures of section 16 of article III when a bill, or amendments thereto, is recommended to the Legislature by commissioners or a public agency appointed or directed pursuant to law to prepare revisions, consolidations or compilations of statutes.
No evidentiary material has been furnished by either party concerning the application of section 21 of article III to the legislation involved here. For the present, at least, it must be concluded in accordance with the general rule in favor of the constitutionality of a statute that, in the absence of evidence to the contrary, the amendment incorporating TIL by reference was reported to the Legislature as constitutionally required (People v Petrea, 92 NY 128; People v Ebelt, 180 NY 470). Nonetheless, this question may yet require determination in the future within the context of an appropriate factual situation.
*842 Turning to a consideration of plaintiffs third cause of action alleging a failure by the defendant to preserve those books and records necessary to determine if the defendant is in compliance with the TIL requirements in article IX of the Banking Law, it appears from all of the pleadings, affidavits and exhibits presented that a factual controversy exists which must be developed and resolved at trial. Proof should be adduced at trial to ascertain what rules and regulations are set forth by the Superintendent of Banking relating to retention of records and what if any records have been kept by the defendant in compliance therewith. In addition, it may well turn out that suit or other appropriate enforcement is limited to the Superintendent alone. Therefore, the plaintiffs motion for summary judgment on the third cause of action is denied.