The **PAUL REVERE LIFE INSURANCE COMPANY**, Defendant-Appellant,

v.

Debbie K. **GARDNER**, Plaintiff-Appellee.

No. 1–1081A305.

Court of Appeals of Indiana, First District.

---

Thomas L. Davis, Locke, Reynolds, Boyd & Weisell, Indianapolis, for defendant-appellant.

Richard A. Boehning, Bennett, Boehning, Poynter & Clary, Lafayette, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant The Paul Revere Life Insurance Company (Paul Revere) appeals a judgment entered in the Fountain Circuit Court in a trial to the court on stipulated facts in favor of plaintiff-appellee Debbie K. Gardner (Debbie) upon her complaint for the payment of death benefit proceeds due her as beneficiary under her deceased husband's group life insurance policy.

We affirm.

## STATEMENT OF THE FACTS

The parties stipulated to the following facts which we summarize as follows: Debbie is the widow of Roger F. Gardner (Roger) who died on August 2, 1979, in the State of Massachusetts while a resident of that state. On April 1, 1974, Paul Revere had issued a group life insurance policy to Roger's employer, Geotechnical Engineers, Inc. (Geotech), under which Roger was insured and had designated Debbie as his beneficiary.

On June 22, 1979, Roger terminated his employment with Geotech; neither Paul Revere nor Geotech gave Roger notice of certain conversion privileges after he terminated his employment. Notice of the conversion privileges following termination of employment was required by Massachusetts law. Forty-one days after he left Geotech, Roger died as a result of cardiac arrest, never having applied for a converted individual life insurance policy as provided for under his group policy with Paul Revere.

On May 29, 1981, the trial court entered findings of fact, conclusions of law and rendered judgment in favor of Debbie "in the amount of $37,000 together with interest in the amount of $5,236.70 for a total judgment of $42,236.70 together with costs."

## ISSUE

Paul Revere presents the following issue for review:

"The sole issue for review is whether the decision of the trial court that the failure to give notice to plaintiff's husband Roger F. Gardner of his conversion rights under his employer's group insurance policy extended defendant's obligation to pay benefits to plaintiff as a result of Roger F. Gardner's death 41 days after termination of his employment is

contrary to Massachusetts law which governs this action."

## DISCUSSION AND DECISION

Group Insurance Policy No. G–6465, the Paul Revere plan covering Roger, provided, in part:

"The insurance hereunder of any Employee shall automatically cease on the occurrence of any of the following events:

(d) termination of his employment with the Employer.

*Termination of Employment.* If the insurance, or any portion of it, on an Employee covered under this policy ceases because of termination of employment . . . such Employee shall be entitled to have issued to him by the Insurance Company, without evidence of insurability, an individual policy of life insurance without disability or other supplementary benefits: Provided, application for the individual policy shall be made, and the first premium paid to the Insurance Company, within thirty-one (31) days after such termination.

*Payment During Conversion Privilege Period.* If any Employee dies during the thirty-one days while entitled to convert such insurance in accordance with the above paragraphs, then the Insurance Company will pay the amount of insurance for which such Employee was entitled to make application."

The group policy Certificate No. 65 which was issued to Roger provided:

"If the insurance, or any portion of it, on an Employee covered under this policy ceases because of termination of employment . . . such Employee shall be entitled to have issued to him by the Insurance Company, without evidence of insurability, an individual policy of life insurance without disability or other supplementary benefits: Provided, application for the individual policy shall be made, and the first premium paid to the Insurance Company, within thirty-one (31) days after such termination.

If any Employee dies within the thirty-one days while entitled to convert such insurance in accordance with the above paragraphs, then the Insurance Company will pay the amount of insurance for which such Employee was entitled to make application."

Mass.Gen.Laws Ann. ch. 175, § 134 and § 134A were in full force and effect and governed the provisions of the insurance policy in the case at bar. Those statutes provide, in relevant part, as follows:

§ 134(4):

"[T]he employee shall continue to be insured thereafter for a period of thirty-one days, for the amount of life insurance which he is entitled to have issued to him under an individual policy in accordance with the provisions which follow; and that he shall be entitled to have issued to him by the company, without evidence of insurability, upon written application in a form satisfactory to the company and upon the payment of the premium applicable to the class of risk to which he belongs and to the form and amount of the policy at his then attained age, both within said period of thirty-one days, an individual policy of life insurance . . . ."

§ 134A.

"If any individual insured under a group life insurance policy hereafter issued becomes entitled under the terms of such policy to convert to another type of life insurance within a specified time after the happening of an event, such certificate-holder shall be notified of such privilege and its duration within fifteen days after the happening of the event; provided, that if such notice be given more than fifteen days, but less than ninety days after the happening of such event, the time allowed for the exercise of such privilege of conversion shall be extended for fifteen days after the giving of such notice. If such notice be not given within ninety days after the happening of the event, the time allowed for the exercise of such conversion privilege shall expire at the end of such ninety days. Written notice by the employer

given to the certificate-holder or mailed to the certificate-holder at his last known address, or written notice by the insurer mailed to the certificate-holder at the last address furnished to the insurer by the employer, shall be deemed full compliance with the provisions of this subdivision for the giving of notice."

It is the contention of Paul Revere that § 134A merely extends the time to exercise conversion privileges, but it does not extend or create insurance coverage. Also, Paul Revere argues that the notice language of § 134A is not required by § 134 to be included in either the group master policy or the individual certificates. Therefore, Paul Revere concludes, nothing in either § 134 or § 134A may be construed to extend coverage to Roger beyond thirty-one days after termination of his employment.

 When reviewing a case in which the trial judge has rendered findings of fact and conclusions of law, we will not set aside the judgment unless it is clearly erroneous. *Matter of Leckrone*, (1980) Ind.App., 413 N.E.2d 977. The findings as found by the trial court will stand unless the record discloses no facts or inferences therefrom which support the findings. *Indiana Industries, Inc. v. Wedge Products, Inc.*, (1982) Ind.App., 430 N.E.2d 419. And, if the error charged is the trial court's application of the law, then the Court of Appeals must correctly apply the law to the trial court's findings of fact. *Indiana Industries, Inc., supra.*

§ 134A was enacted by the Massachusetts legislature in 1949, and, as the parties concede, there are no Massachusetts cases interpreting it. However, the New York legislature earlier had adopted under its insurance laws a statute [1] which is virtually the same as § 134A, and the New York statute provided:

"3. In the event a group life insurance policy hereafter issued to a group described in paragraph (a), (d) or (e) of subsection one, for delivery in this state permits a certificate-holder to convert to another type of life insurance within a specified time after the happening of an event, such certificate-holder shall be notified of such privilege and its duration within fifteen days after the happening of the event, provided that if such notice be given more than fifteen days, but less than ninety days after the happening of such event, the time allowed for the exercise of such privilege of conversion shall be extended for fifteen days after the giving of such notice. If such notice be not given within ninety days after the happening of the event, the time allowed for the exercise of such conversion privilege shall expire at the end of such ninety days. Written notice by the employer given to the certificate-holder or mailed to the certificate-holder at his last known address, or written notice by the insurer mailed to the certificate-holder at the last address furnished to the insurer by the employer, shall be deemed full compliance with the provisions of this subdivision for the giving of notice."

Paul Revere notes that Massachusetts follows the general rule that when its legislature enacts a statute similar or identical to a statute adopted in another state, the decisions of the foreign state's courts interpreting or construing the similar statute, prior to its enactment in Massachusetts, are strongly persuasive of the Massachusetts legislature's intended meaning, citing *Rollins Environmental Services, Inc. v. Superior Court*, (1975) 368 Mass. 174, 330 N.E.2d 814, and *Thibault v. LaLumiere*, (1945) 318 Mass. 72, 60 N.E.2d 349. Furthermore, Paul Revere agrees that § 204(3) of the New York Insurance Laws is a similar notice statute to Massachusetts' § 134A.

The lead case in construing the meaning of New York's § 204(3) is *DeVille v. Continental Assurance Company*, (1960) 10 A.D.2d 386, 199 N.Y.S.2d 876, *aff'd* 8 N.Y.2d 1080, 207 N.Y.S.2d 453, 170 N.E.2d 457. In *DeVille*, the insured was covered under a group life insurance policy through his membership in a carpenters' union. In keeping with the statute, the group policy

---

1. N.Y.Ins.Law § 204(3) (McKinney).

included certain conversion privileges wherein if insurance under the plan ceases because of termination of employment, the insured is entitled to have issued, without evidence of insurability, an individual policy, provided that written application is made by the insured and the first premium is paid within 31 days after such termination. Also, the group plan provided, as required by statute, that if the insured dies within the 31 day conversion privilege period, he would remain covered by the insurance and he or his beneficiary would be entitled to payment of the death benefit. The insured in *DeVille* never applied for an individual policy during the conversion period or at any time before his death and he died 43 days after termination of eligibility under the group policy.

In 1940, prior to the time this policy was issued, the New York legislature had amended the insurance laws to provide that an insured must be notified of his conversion privilege within 15 days of his termination of employment. If no such notice is given after the termination of employment, the amendment (presently § 204(3), *supra*) extended the time allowed for the exercise of such conversion privilege to a period of 90 days. The New York court, in seeking the intent of the legislature stated:

"It appears from the bill jacket that when this proposed legislation was before the Governor communications in regard thereto were sent to him by the respective chairmen of the Insurance Committees of the Senate and Assembly, the Department of Insurance and others. The Counsel to the Governor in his memorandum stated, among other things, that the bill 'requires a 15 day notice to be given to the employee of his conversion privilege in the event that he leaves his employer. If no such notice is given, then the policy is continued for a period of 90 days. I presume that if he should die within the 90 day period, he would recover the face amount of the policy.' "

199 N.Y.S.2d at 879.

The *DeVille* court then held:

"The risk that the defendant took was foreseeable. The conversion privilege could have been limited to 31 days by the service upon the insured of the required notice of his conversion rights. The defendant failed to do so and thereby assumed the risk that if insured died during the 90-day period the amount of insurance to which he would be entitled under the conversion privilege would be payable as a claim under the policy.

The central theme running through the communications to the Governor, heretofore discussed, at the time of the 1940 amendment of section 204, was that many certificate holders were ignorant of the conversion privilege and the giving of notice thereof should be required or in the absence thereof the period for conversion extended. When the history of the legislation relating to group insurance is studied and the language of statute and policy examined there is to be found a legislative intent that in the absence of notice coverage is to be extended for the period of 90 days.

\* \* \* \* \* \*

... As we have seen, the defendant in this case could have complied with section 204 and brought about the expiration of the 31-day conversion period prior to the death of plaintiff's intestate by prompt service of the notice. Having failed to do so the conversion privilege and coverage continued to the date of insured's death some 43 days after termination of his eligibility under the group policy. If the statute is interpreted according to its purpose and spirit we conclude that the certificate holder was insured at the time of his death under the terms of the policy when construed together with the pertinent statutory provisions."

199 N.Y.S.2d at 881–82.

Similarly, in *Payne v. Equitable Life Assurance Society of the United States*, (1961) 14 A.D.2d 266, 220 N.Y.S.2d 493, a New York case which followed *DeVille, supra*, the court held that where an insured was not given notice of his conversion privileges upon termination of employment as re-

quired by the New York Insurance Laws, and the insured died approximately two months after the termination of employment, the insured's coverage under a group life policy continued for a ninety-day period. Despite terms of the policy providing for the payment of a death benefit if the insured dies within 31 days after termination of employment, the *Payne* court said that the death of the insured within the 90-day period entitled him to the death benefit because of the lack of statutory notice of his conversion privileges. The court in *Payne, supra,* at 495, further noted that the policy did not contain any reference to the statutory obligation to give notice to the insured of the conversion privilege, and

" . . . a group policy, subject to the provisions of subd. 3 of Section 204, must be interpreted and given effect as if expressly containing or referring to the same. (Insurance Law, Section 143.)"

Paul Revere cites *Landorf v. United States,* (Ct.Cl.1969) 408 F.2d 461, for the proposition that an unexercised conversion privilege becomes valueless once the insured dies. As Debbie points out, *Landorf* is a federal estate tax case wherein the decedent-insured of a group life insurance policy had assigned the proceeds of the policy to his wife within three years of the decedent's death. In deciding whether the decedent possessed any incident of ownership over the proceeds of the policy, the United States Court of Claims discussed the holdings of some New York State cases cited by the defendant. Those cases involved a beneficiary to a group life policy who tried to exercise the right to convert to an ordinary life policy to obtain death benefits where the decedent-insured had died within the conversion period without exercising his conversion privilege. The court in *Landorf, supra,* at 468, rejected the defendant's argument that the right to convert is personal to the insured and non-assignable, stating that the cases defendant relies upon hold [2] "that

an insured, who is also the owner of the rights under the policy, must be alive when the conversion privilege (that becomes available on termination of employment) is exercised."

Importantly, we note that the above cases, cited below in footnote 2, preceded the § 204(3) amendment which *DeVille* interpreted, and therefore, did not involve the issue of statutory notice to an insured of the conversion privilege after termination of employment. Thus, *Landorf* is not controlling in the instant case.

■ In our opinion, the decisions in *DeVille* and *Payne* correctly construe the intent of the notice provision of § 204(3), which statute is virtually identical to Massachusetts' § 134A. In view of the fact no Massachusetts cases construe § 134A, we find the discussions and decisions in *DeVille* and *Payne* applicable to the case at bar and clearly supportive of the trial court's findings and judgment. While it may be true, as Paul Revere argues, that a Massachusetts court cannot be compelled to follow the construction of a similar statute given by a foreign court, the trial court did not err in concluding as follows:

"3. Pursuant to Section 134A of Chapter 75 of the Massachusetts General Law the Defendant, The Paul Revere Life Insurance Company, is liable to pay to the Plaintiff the life insurance benefits in the sum of $37,000.00.

4. Roger F. Gardner was, during the tenure of his employment at Geotechnical Engineers, Inc., covered pursuant to Certificate No. 65, and the failure to provide notice to the Certificate-holder, Roger F. Gardner, of his rights to convert his life insurance benefits to an individual policy, without evidence of insurability, extended to ninety (90) days from the date of his termination of employment his right to convert such Policy and further extended to ninety (90) days the obligation of the Company to pay the life insurance

2. The cases are cited in footnote 9 in *Landorf, supra,* at 468 and are as follows: *Howard v. Aetna Life Insurance Co.,* (1946) 329 Ill.App. 248, 67 N.E.2d 878; *Young v. General Ameri-* *can Life Insurance Co.,* (1941) 35 Ohio L.Abs. 464, 41 N.E.2d 895; *Fearson v. Metropolitan Life Insurance Co.,* (1930) 138 Misc. 710, 246 N.Y.S. 701.

benefits to his beneficiary should death occur during this ninety (90) day period.

5. In the case at bar, since the statutory period for conversion, when no notice of the right to convert is given, is ninety (90) days and the death occurred forty-one (41) days after termination of employment, as a matter of law, the insurance company is obligated to pay all of the insurance proceeds to the beneficiary of the Policy."

Judgment affirmed.

RATLIFF, P. J., and ROBERTSON, J., concur.