**S.B.D., INC., et al., Appellant
(Defendants Below),**

v.

**SAI MAHEN, INC., Appellee
(Plaintiffs Below).**

**No. 18A04–8903–CV–126.**

Court of Appeals of Indiana,
Fourth District.

Sept. 27, 1990.

Casey D. Cloyd, Anothony M. Campo & Associates, Indianapolis, John H. Brooke, McClellan, McCellan, Brooke & Arnold, Muncie, for appellant.

Gerald P. Shine, Miller, Hulse, Lacey, Hardacre, Austin & Shine, Anderson, for appellee.

CHEZEM, Judge.

### Case Summary

Defendant/Appellant S.B.D., Inc. (S.B. D.), appeals the trial court's decision to rescind its contract with Plaintiff/Appellee, Sai Mahen, Inc. (Sai Mahen), and the trial court's failure to award attorney's fees to S.B.D. We reverse and remand.

### Issues

I. Did the trial court err by ordering rescission of a land contract between vendor Sai Mahen and purchaser S.B.D., and awarding Sai Mahen damages, as opposed to ordering foreclosure?

II. Did the trial court err in failing to award attorney's fees to S.B.D.?

### Facts

S.B.D. purchased real estate in Muncie, Indiana, from Sai Mahen by a land contract dated March 31, 1983, at a purchase price of three hundred twenty-five thousand dollars ($325,000.00) (including the assumption of an existing mortgage). Included in the contract was a personal guarantee of the performance of S.B.D. from Shankar Patel and Babi Patel, and Sai Mahen was to pay certain real estate taxes on the property. In January, 1987, S.B.D. entered into an agreement with Vintage Holding Corporation (Vintage) for the sale of all the assets of S.B.D. including the contract rights of their purchase from Sai Mahen. Vintage failed to perform the terms of the agreement, and as a result, S.B.D., who was still liable on the land contract, failed to perform the agreement as well. S.B.D. filed suit against Vintage in October, 1987; payments to Sai Mahen had stopped in August, 1987. The unpaid principal on the contract was two hundred thirty-four thousand six hundred sixty-four dollars and nineteen cents ($234,664.19).

In April, 1987, S.B.D. filed suit against Sai Mahen, alleging that Sai Mahen had failed to pay certain real estate taxes and therefore was in breach of the contract. In November, 1987, Sai Mahen filed suit

against S.B.D. alleging breach of contract for its failure to pay. The two cases were consolidated on Sai Mahen's motion, and the trial court entered judgment on December 20, 1988. The trial court rescinded the real estate contract and granted Sai Mahen damages of seventy thousand four hundred and seventy-five dollars and five cents ($70,475.05). The court also ordered a set-off against the damages incurred by Sai Mahen for the unpaid property tax of seven thousand two hundred dollars ($7,200). Sai Mahen's damage award included ten thousand dollars ($10,000) for attorney's fees. S.B.D. received no attorney's fees.

### Discussion and Decision

 Sai Mahen initially asserts that we should deny S.B.D.'s appeal because they have not challenged the findings of fact approved by the court and only challenge the judgment, citing *Boyer v. First National Bank of Kokomo* (1985), Ind. App., 476 N.E.2d 895. We do not agree with their interpretation of this case. *Boyer* does not require us to deny an appeal when the judgment alone is challenged; the case merely requires us to look only to the findings, and not the evidence, to determine if they support the judgment. *Id.* at 897. We agree with S.B.D. that:

> ... if error is charged in the trial court's application of the law, then the Court of Appeals must correctly apply the law to the trial court's findings of fact.

*Paul Revere Life Ins. Co. v. Gardner* (1982), Ind.App., 438 N.E.2d 317, 321. Because this was a bench trial, the trial court's decision will only be reversed if it is clearly erroneous. *Boyer* at 897.

### I

 S.B.D. first argues the trial court erred in ordering rescission of the land contract as opposed to foreclosure. We agree. *Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641, clearly established that aside from situations where it would clearly be inconsistent with the notions of justice and fairness, or where the

vendee has paid a minimal amount on the contract, that foreclosure is the equitable remedy.[1]

> ... we are compelled to conclude that judicial foreclosure of a land sale contract is in consonance with the notions of equity developed in American jurisprudence. A forfeiture—like strict foreclosure at common law—is often offensive to our concepts of justice and inimical to the principals of equity. This is not to suggest that a forfeiture is an inappropriate remedy for the breach of all land contracts. In the case of an abandoning, absconding vendee, forfeiture is a logical and equitable remedy. Forfeiture would also be appropriate where the vendee has paid a minimal amount on the contract at the time of default and seeks to retain possession while the vendor is paying taxes, insurance and other upkeep in order to preserve the premises. Of course, in this later situation, the vendee will have acquired very little, if any, equity in the property. However, a court of equity must always approach forfeitures with great caution, being forever aware of the possibility of inequitable disposition of property and exorbitant monetary loss. We are persuaded that forfeiture may only be appropriate under circumstances in which it is found to be consistent with notions of fairness and justice under the law.

*Id.* 301 N.E.2d at 650.

Here, S.B.D. has made fifty-four (54) payments of three thousand two hundred and fourteen dollars and seventy-five cents ($3,214.75) toward the balance equaling one hundred and seventy-three thousand five hundred ninety-six dollars and fifty cents ($173,596.50), plus a fifty thousand dollar ($50,000.00) down payment to Sai Mahen, reducing the principal from three hundred and twenty-five thousand dollars ($325,000) to two hundred and thirty-four thousand six hundred and sixty-four dollars and nine-

---

1. "Foreclosure generally protects the rights of all parties to a contract. Upon judicial sale the proceeds are first applied to the balance of the contract principal and interest owed the seller. Then any junior lein-holders take their share. Any surplus goes to the buyer." *Looney v. Farmers Home Administration*, 794 F.2d 310, 312 (7th Cir.1986).

teen cents ($234,664.19). This is approximately twenty-eight percent (28%) of the contract price *not* including the interest which was paid (which would greatly increase the percentage paid). Even considering that S.B.D. (in actuality Vintage) had failed to pay certain personal property taxes, sewer bills, real estate taxes and property insurance[2], this still can not be considered a minimal amount. The amount of payment as well as the length of time and number of payments made show that this was more than a minimal payment; in fact, equity was being built in the property. *See Morris v. Weigle* (1978), 270 Ind. 121, 383 N.E.3d 341 (29.7% was found to be substantial and not within the minimal equity exception of *Skendzel*); *Oles v. Plummer* (1983), Ind.App., 444 N.E.2d 879, 882 (payments equal to 30.55% of the contract price and 18.6% of the principal was considered substantial, and the remedy permitted upon the buyer's default was foreclosure); *See also, Looney*, 794 F.2d at 312.

II

S.B.D. further asserts the trial court erred in determining damages in excess of foreclosure. S.B.D. also asserts, despite an agreement in the contract that upon default the defaulting party would pay all costs and reasonable attorney's fees, S.B.D. was awarded no fees even though Sai Mahen was found to have defaulted on the taxes. However, because we determine that the trial court applied the wrong remedy (and remand for foreclosure proceedings), we vacate the entire judgment and leave the issues of damages and attorney's fees for re-litigation in the foreclosure proceeding.

Reversed.

CONOVER and BUCHANAN, JJ., concur.

| | |
|---|---|
| Sewer—Approximately | $ 2,027.32 |
| * Real Estate taxes | $ 8,306.00 |
| Interest | $33,522.21 |

 * Not yet due at time of trial